EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
GOLDEN LAW
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.M., | ) Case No. |
| Plaintiff, | )<br>) **COMPLAINT FOR DAMAGES AND JURY** |
| vs. | ) **DEMAND**<br>) |
| UNITED STATES OF AMERICA; ENRIQUE CHAVEZ, in his individual capacity; RAY GARCIA, in his individual capacity, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## INTRODUCTION

1. Plaintiff E.M. served a sentence in the Bureau of Prisons and was housed at Federal Correctional Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for approximately four years.

2. While housed at FCI Dublin, E.M. worked in the kitchen, where she witnessed constant sexual harassment and was forced to act as a lookout while officers engaged in sexual abuse of other prisoners.

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 1

3. She was also threatened with sexual abuse by an officer she knew abused other prisoners.

4. Plaintiff E.M. lived in constant fear and anxiety due to this environment, which served to trigger her trauma of previous domestic violence.

## JURISDICTION AND VENUE

5. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff E.M. will list this case on the bi-monthly list that will be submitted to the Court to relate this case to those other cases.

## PARTIES

9. Plaintiff E.M. was at all times relevant hereto incarcerated in FCI Dublin.

10. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institution Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11. Defendant Enrique Chavez was, at all times relevant hereto, a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

12. Defendant Ray Garcia was, at all times relevant hereto, the Warden and PREA Coordinator during the time of this abuse. He is sued in his individual capacity.

//

//

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 2

13.     While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff E.M. Plaintiff E.M. was dependent upon Defendant United States for her personal security and necessities.

14.     In performing the acts and/or omissions contained herein, Defendants United States, Chavez, and Garcia acted under color of federal law, and Plaintiff E.M. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff E.M. Defendants United States, Chavez, and Garcia knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff E.M. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendants United States, Chavez, and Garcia failed to take steps to protect Plaintiff E.M. and to ensure her rights to safety from sexual abuse.

## FACTS

15.     From June 2019 through April 2024, Plaintiff E.M. was incarcerated at FCI Dublin, a facility that was openly known as "the Rape Club".

16.     Plaintiff E.M. regularly saw how other prisoners would face retaliation for reporting sexual abuse or harassment, including loss of privileges, prolonged confinement in the SHU, or loss of good-time credit resulting in a longer BOP sentence.

17.     Plaintiff E.M. was assigned to work in the kitchen, and Defendant Enrique Chavez was her supervisor.

18.     Beginning in late 2019 until approximately August 2021, on approximately four occasions, Defendant Chavez forced Plaintiff E.M. to stand guard outside of the refrigerator while he sexually abused other prisoners.

19.     He would lock Plaintiff E.M. in the room where they cut vegetables and take his victim into the refrigerator in the same room.

20.     On one occasion, Defendant Chavez kept Plaintiff E.M. locked in the room with him until the erection he had was no longer visible.

//

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 3

21. On numerous occasions, he would bring in gifts and contraband such as earrings, eyelash curlers, and lipstick.

22. He would offer these gifts to Plaintiff E.M. to try to buy her silence.

23. Plaintiff E.M. understood that there was a culture of cover-ups at Dublin and that officers looked out for one another in regards to allegations of abuse and misconduct.

24. Plaintiff E.M. was very fearful of Defendant Chavez and had tremendous anxiety due to his misconduct.

25. As a result, she did not feel as if she could tell Defendant Chavez that she did not want to act as his lookout or report his misconduct.

26. Eventually, even though she enjoyed the actual kitchen work itself, Plaintiff E.M. quit her job in the kitchen so that she would no longer be forced to act as a lookout for Chavez.

27. Sometime in 2020, Officer Nicholas Theodore Ramos, now deceased, began to sexually harass Plaintiff E.M.

28. Plaintiff E.M. knew that Officer Ramos was involved in inappropriate sexual relationships with other prisoners.

29. Officer Ramos demanded attention and affection from Plaintiff E.M.

30. When she refused his advances, he retaliated.

31. Officer Ramos searched Plaintiff E.M.'s room without cause and discarded and destroyed her personal belongings.

32. Officer Ramos also threatened Plaintiff E.M. that he would make her life difficult if she did not submit to his sexual advances.

33. Plaintiff E.M. began to cry and went to the kitchen to report Ramos' threats and sexual advances to another officer.

34. The officer responded to her that it did not matter because she was just a prisoner.

35. Officer Ramos began to bully Plaintiff E.M.

36. Officer Ramos would only speak to her in English, which made it difficult for Plaintiff E.M., a Spanish speaker, to understand him.

//

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 4

37.    After she rejected him, he harassed other prisoners in her unit by tearing down privacy screens, which were all that protected them from the gaze of other male correctional officers when they were changing.

38.    This made other prisoners in her unit tell her that she should just give in to him so that he would stop harassing them, which made Plaintiff E.M. feel even more isolated and scared.

39.    The conduct of Officer Ramos and Defendant Chavez was overt and obvious.

40.    Defendant Garcia, as Warden and PREA coordinator, had a duty to protect prisoners in BOP custody, including Plaintiff E.M., from sexual abuse, harassment, and retaliation.

41.    Defendant Garcia failed in his duty to protect Plaintiff E.M. from sexual abuse, harassment, and retaliation.

42.    Due to the anxiety she suffered, she was prescribed medication for approximately three months, but she was abruptly removed from the medication and told she should just think of other things, count, or do other exercises to lower her anxiety.

43.    She was not able to access any other mental health treatment and was just left to suffer.

44.    She still experiences sleeplessness, fear, anxiety, and hypervigilance. Plaintiff E.M. is in BOP custody with an expected release date of October 2, 2026.

## EXHAUSTION

45.    On February 17, 2025, Plaintiff E.M., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

46.    The BOP acknowledged receipt on February 28, 2025.

47.    The BOP has not substantively responded to her claim.

## EQUITABLE TOLLING

48.    Plaintiff E.M. is entitled to equitable tolling for her FTCA Claim sent to the BOP on February 17, 2025.

49.    The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 5

50.     Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

51.     Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue a claim).

52.     Plaintiff E.M. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

53.     Because Plaintiff E.M. remains incarcerated within the BOP until October 2026, she continued to experience extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims. As long as she remained under BOP custody and control, the threats, coercion, and fear of retaliation continued to silence her.

54.     A court-appointed Special Master confirmed that during the time of Plaintiff E.M.'s incarceration, FCI Dublin lacked a safe and consistent path for women to file sex abuse complaints, that women in custody were intimidated and forced to justify why they needed to complete sex abuse complaints in the first place, and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions, which extended their incarceration.[1]

55.     Plaintiff E.M. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

56.     Plaintiff E.M. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

---

[1] First Report of the Special Master Pursuant to the Court's Order of March 26, 2024, U.S Bureau of Prisons Federal Correctional Institution, Dublin, Submitted by Wendy Still, Special Master U.S. District Court Northern District Court of California, June 5, 2024.

57.     Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff E.M.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff E.M. from asserting her claim within the statutory period.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.4)**

58.     Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

59.     Plaintiff E.M. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, Officer Ramos and Defendants Chavez and Garcia.

60.     The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

61.     These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

62.     Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

63.     Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

64.     Defendant Chavez discriminated against Plaintiff E.M. based on her gender when he falsely imprisoned her to force her to act as a look-out while he sexually abused another prisoner, putting her in fear for her physical safety and in fear of imminent sexual abuse.

65.     Officer Ramos discriminated against Plaintiff E.M. based on her gender when he sexually abused her by soliciting her for sexual acts and retaliating against her when she refused to submit to his sexual desires.

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 7

66. Defendant Garcia discriminated against Plaintiff E.M. based on her gender by failing to protect her from sexual abuse.

67. By these acts, Officer Ramos and Defendants Chavez and Garcia caused Plaintiff E.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendants Chavez and Garcia)**
**(Cal. Civ. Code § 52.4)**

68. Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

69. Plaintiff E.M. brings this claim for gender violence under California Civil Code § 52.4 against Defendants Chavez and Garcia.

70. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

71. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

72. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

73. Plaintiff E.M. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

74. Defendant Chavez discriminated against Plaintiff E.M. based on her gender when he falsely imprisoned her to force her to act as a look-out while he sexually abused another prisoner, putting her in fear for her physical safety and in fear of imminent sexual abuse.

75. Defendant Garcia discriminated against Plaintiff E.M. based on her gender by failing to protect her from sexual abuse.

76. By these acts, Defendants Chavez and Garcia caused Plaintiff E.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 8

### THIRD CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant United States)
### (FTCA; California Common Law)

77.   Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

78.   Plaintiff E.M. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employees, Officer Ramos and Defendant Chavez.

79.   These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

80.   Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

81.   Defendant Chavez violated Plaintiff E.M.'s right to be free from sexual assault by causing her imminent fear of sexual abuse when he locked her into a room in the kitchen while he sexually abused another prisoner.

82.   Defendant Chavez's acts, placing Plaintiff E.M. in imminent fear of sexual abuse, were deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

83.   Defendant Chavez committed these acts with the intent to threaten a harmful or offensive contact with Plaintiff E.M.'s person.

84.   Officer Ramos violated Plaintiff E.M.'s right to be free from sexual assault by causing her imminent fear of sexual abuse when he propositioned her for affection and retaliated against her when she refused him.

85.   Officer Ramos committed these acts with the intent to threaten a harmful or offensive contact with Plaintiff E.M.'s person.

86.   By intentionally subjecting Plaintiff E.M. to these acts, Defendant Chavez and Ramos acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

//

87. By repeatedly subjecting Plaintiff E.M. to sexual acts, Ramos and Defendant Chavez caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

### FOURTH CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant Chavez)
### (California Common Law)

88. Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

89. Plaintiff E.M. brings this claim for sexual assault for violation of her rights under California common law against Defendant Chavez.

90. Plaintiff E.M. has a nonfrivolous argument that Defendant Chavez bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

91. Defendant Chavez violated Plaintiff E.M.'s right to be free from sexual assault by causing her imminent fear of sexual abuse when he locked her into a room in the kitchen while he sexually abused another prisoner.

92. Defendant Chavez's acts, placing Plaintiff E.M. in imminent fear of sexual abuse, were deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

93. Defendant Chavez committed these acts with the intent to threaten a harmful or offensive contact with Plaintiff E.M.'s person.

94. By intentionally subjecting Plaintiff E.M. to these acts, Defendant Chavez acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

95. By repeatedly subjecting Plaintiff E.M. to these acts, Defendant Chavez caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

### FIFTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT
### (against Defendant United States)
### (FTCA; Cal. Const. Art. I § 13 and Cal. Civ. Code § 820.4)

96. Plaintiff E.M. repeats and incorporates by reference every allegation contained in

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 10

the preceding paragraphs as if fully set forth herein.

97. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

98. The federal employees named herein performed their wrongful conduct while in the course and scope of their employment as federal employees.

99. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

100. Defendant Chavez confined Plaintiff E.M. for an appreciable amount of time, in an area that restricted her movement, against her will, in order to force her to act as a lookout while he sexually abused another prisoner.

101. His actions caused Plaintiff E.M. significant emotional distress and imminent fear of sexual abuse.

102. By these acts, Defendant United States caused Plaintiff E.M. physical, mental, and emotional injuries, injury to her personal dignity, and other tangible and intangible injuries.

### SIXTH CLAIM FOR RELIEF
### FALSE IMPRISONMENT
### (against Defendant Chavez)
### (Cal. Const. Art. I § 13 and Cal. Civ. Code § 820.4)

103. Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

104. Plaintiff E.M. brings this claim against Defendant Chavez for false imprisonment, a violation of Article I, Section 13 of the California Constitution, and California Civil Code section 820.4.

105. The federal employee named herein performed his wrongful conduct while in the course and scope of his employment as a federal employee.

106. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

107. Plaintiff E.M. has a nonfrivolous argument that Defendant Chavez bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 11

108. Defendant Chavez confined Plaintiff E.M. for an appreciable amount of time, in an area that restricted her movement, against her will, in order to force her to act as a lookout while he sexually abused another prisoner.

109. His actions caused Plaintiff E.M. significant emotional distress and imminent fear of sexual abuse.

110. By these acts, Defendant United States caused Plaintiff E.M. physical, mental, and emotional injuries, injury to her personal dignity, and other tangible and intangible injuries.

**SEVENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant United States)**
**(FTCA; California Common Law)**

111. Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

112. Plaintiff E.M. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of its employees.

113. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

114. Their positions as correctional officers were essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

115. Officer Ramos and Defendant Chavez, employees of Defendant United States, engaged in outrageous conduct by subjecting Plaintiff E.M. to sexual abuse and retaliation.

116. The abuse and retaliation by Officer Ramos and Defendant Chavez, employees of Defendant United States, caused Plaintiff E.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety.

117. Defendant Garcia, an employee of Defendant United States, engaged in outrageous conduct by failing to protect Plaintiff E.M. from sexual abuse and retaliation.

118. Plaintiff E.M.'s distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

119. Defendant United States intended to cause Plaintiff E.M. this emotional distress because they knew that emotional distress was likely to result from forcing E.M. to regularly

witness and assist its employee in carrying out sexual abuse of other prisoners, and by retaliating against Plaintiff E.M. for refusing another officer's advances.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendants Chavez and Garcia)**
**(California Common Law)**

120.    Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

121.    Plaintiff E.M. brings this claim for the intentional infliction of emotional distress against Defendant Chavez.

122.    Plaintiff E.M. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

123.    Defendant Chavez engaged in outrageous conduct by causing Plaintiff E.M. imminent fear of sexual abuse when he locked her into a room in the kitchen while he sexually abused another prisoner while Plaintiff E.M. was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff E.M. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

124.     Defendant Garcia engaged in outrageous conduct when he failed to protect Plaintiff E.M. from sexual abuse and retaliation while Plaintiff E.M. was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff E.M. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

125.    Defendants Chavez and Garcia's actions caused Plaintiff E.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

///

126. Defendants Chavez and Garcia intended to cause Plaintiff E.M. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

**NINTH CLAIM FOR RELIEF**
**BANE ACT**
**(against all Defendants)**
**(FTCA; Cal. Civ. Code § 52.1)**

127. Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

128. Plaintiff E.M. was in the custody and control of Defendant United States during all relevant times.

129. Officer Ramos and Defendant Chavez interfered with Plaintiff E.M.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, and cruel and unusual punishment; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse and refusing to provide false testimony; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

130. Defendant United States and Garcia, by the actions of its employees, interfered with Plaintiff E.M.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, and cruel and unusual punishment; her right under the First Amendment to be free from retaliation for engaging in protected conduct such as reporting sexual abuse and refusing to provide false testimony; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

131. Plaintiff E.M. has a nonfrivolous argument that Defendants Garcia and Chavez bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

132. As a proximate result of these acts, Plaintiff E.M. sustained damage and injury.

**TENTH CLAIM FOR RELIEF**
**TRAFFICKING VICTIMS PROTECTION ACT**
**(against all Defendants)**
**(18 U.S.C. § 1581, *et seq.*)**

133. Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

134. Defendant Chavez knowingly recruited, enticed, and solicited Plaintiff E.M. by offering benefits and things of value, such as not being placed in the SHU, to aid him in engaging in sex acts with another prisoner.

135. Defendant Chavez made Plaintiff E.M. engage in his trafficking scheme through force and coercion.

136. Officer Ramos knowingly attempted to recruit, entice, and solicit Plaintiff E.M. by offering benefits and things of value, such as not being retaliated against and/or placed in the SHU, in exchange for submitting to sexual abuse.

137. Defendants United States and Garcia knew of, or should have reasonably known, that Officer Ramos and Defendant Chavez were coercing and/or forcing Plaintiff E.M. to submit to sexual abuse, and benefited by failing to protect Plaintiff E.M.

138. Plaintiff E.M. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution

139. This conduct has caused Plaintiff E.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

**ELEVENTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 52.5)**

140. Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

///

///

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 15

141. Defendant Chavez knowingly recruited, enticed, and solicited Plaintiff E.M. by offering benefits and things of value, such as not being placed in the SHU, to aid him in engaging in sex acts with another prisoner.

142. Defendant Chavez made Plaintiff E.M. engage in his trafficking scheme through force and coercion.

143. Officer Ramos knowingly attempted to recruit, entice, and solicit Plaintiff E.M. by offering benefits and things of value, such as not being retaliated against and/or placed in the SHU, in exchange for submitting to sexual abuse.

144. Defendants United States and Garcia knew of, or should have reasonably known, that Officer Ramos and Defendant Chavez were sexually abusing Plaintiff E.M., and benefited by failing to protect Plaintiff E.M.

145. Defendant United States employed Officer Ramos and Defendants Chavez and Garcia, whose actions occurred while they were acting as federal employees under the color of law.

146. This conduct has caused Plaintiff E.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## TWELFTH CLAIM FOR RELIEF
## CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendant Chavez and Garcia)
### (Cal. Civ. Code § 52.5)

147. Plaintiff E.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

148. Defendant Chavez knowingly recruited, enticed, and solicited Plaintiff E.M. by offering benefits and things of value, such as not being placed in the SHU, to aid him in engaging in sex acts with another prisoner.

149. Defendant Chavez made Plaintiff E.M. engage in his trafficking scheme through force and coercion.

150. Defendant Garcia knew of, or should have reasonably known, that Defendant Chavez was coercing and/or forcing Plaintiff E.M. to aid him in committing unlawful sex acts, and benefited by failing to protect Plaintiff E.M.

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 16

151.    Plaintiff E.M. has a nonfrivolous argument that Defendants Chavez and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

152.    This conduct has caused Plaintiff E.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## PRAYER FOR RELIEF

153.    Plaintiff E.M. prays for judgment against Defendant, and each of them, as follows:

(a)    An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff E.M. in an amount to be determined at trial;

(b)    An award to Plaintiff E.M. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c)    For such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff E.M. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 4, 2026          SIEGEL, YEE, BRUNNER & MEHTA

By:_____
     EmilyRose Johns

GOLDEN LAW


By: /s/ *Deborah M. Golden*
     Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*

---

*E.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 17